Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence
of the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington

September 2, 2020

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR20-5372 RJB |
| Plaintiff, | |
| v. | INDICTMENT |
| | (Felony) |
| DARLENE A. PIPER, | |
| Defendant. | |

The Grand Jury charges that:

A. Introduction

*Background*

1.      DARLENE A. PIPER was an attorney who practiced law in Port Orchard, Washington.  Among other things, DARLENE A. PIPER prepared wills and trusts and administered probate proceedings on behalf of clients.  DARLENE A. PIPER opened a trust bank account in the name of the Law Offices of Darlene A. Piper, account No. 5317, at Bank of America, which she used for purposes of operating her law firm ("the IOLTA account").  (All account numbers in this Indictment refer to the last four digits of the account number.)

/ / /

INDICTMENT/PIPER - 1

1  2.      J.H.Y. was DARLENE A. PIPER's neighbor.  During November 2011,

2  DARLENE A. PIPER prepared the Last Will and Testament (the "Will") of J.H.Y.  That

3  Will named St. Jude Children's Research Hospital as the sole beneficiary of J.H.Y.'s

4  Estate and named DARLENE A. PIPER as the Estate's Personal Representative.

5  3.      St. Jude Children's Research Hospital is a pediatric treatment and research

6  facility focused on children's catastrophic diseases, particularly leukemia and other

7  cancers.  It is a nonprofit medical corporation that is located in Memphis, Tennessee, and

8  has offices in other cities, including Kansas City, Missouri.

9  4.      T.C. was an acquaintance of DARLENE A. PIPER's.

10  *DARLENE A. PIPER Purports to Administer the J.H.Y. Estate For*

11  *the Benefit of the Beneficiary*

12  5.      J.H.Y. died on February 3, 2013.  On February 4, 2013, DARLENE A.

13  PIPER filed his Will with the Kitsap County Clerk's Office and, on that same date, the

14  Superior Court of Kitsap County granted DARLENE A. PIPER nonintervention powers

15  as Personal Representative of the J.H.Y. Estate.  For the purposes of administering the

16  J.H.Y. Estate, DARLENE A. PIPER opened an estate bank account, No. 0162, at Bank of

17  America.

18  6.      On December 17, 2013, DARLENE A. PIPER, acting as the Personal

19  Representative of the J.H.Y. Estate, sent a letter on her law firm stationary to St. Jude

20  Children's Research Hospital, in order to inform St. Jude Children's Research Hospital

21  that J.H.Y. had willed his estate to it and that she had been appointed Personal

22  Representative of the Estate.  DARLENE A. PIPER included with the letter a Certified

23  Letters Testamentary which DARLENE A. PIPER had signed under an oath in which she

24  proclaimed "I solemnly swear that upon my appointment I will perform according to law

25  the duties of my trust."

26  / / /

27

28

INDICTMENT/PIPER - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

7.     On October 16, 2014, DARLENE A. PIPER retired from the practice of law.  Because DARLENE A. PIPER had not yet disbursed funds held by the J.H.Y. Estate to St. Jude Children's Research Hospital, however, during January 2015, counsel for St. Jude Children's Research Hospital contacted DARLENE A. PIPER's administrative assistant to discuss the status of the Estate.

8.     During August 2015, T.C. sold her home on Bainbridge Island, Washington.  In doing so, she netted in excess of $1.1 million.  Pursuant to DARLENE A. PIPER's offer to invest $500,000 of the equity T.C. received in Paraguay bonds, T.C. caused $515,000 to be wired to DARLENE A. PIPER.  $15,000 of this amount represented a repayment of a prior loan.  In addition, T.C. gave DARLENE A. PIPER $5,000 in cash, which also represented a repayment of the prior loan.

9.     On October 1, 2015, DARLENE A. PIPER disbursed in excess of $528,000 purportedly held by the J.H.Y. Estate to St. Jude Children's Research Hospital.  In addition, DARLENE A. PIPER sought to close out the J.H.Y. Estate by filing with the Superior Court of Kitsap County a Notie (sp) of Filing Declaration of Completion.

10.     On August 15, 2017, T.C. filed a lawsuit against DARLENE A. PIPER in the Superior Court of Kitsap County, Cause No. 17-2-01435-6.  In the Complaint, T.C. alleged that after T.C. wired $515,000 to DARLENE A. PIPER, DARLENE A. PIPER failed to (1) provide T.C. with requested records documenting that DARLENE A. PIPER had, in fact, invested T.C.'s money, and (2) return T.C.'s funds.

11.     On August 30, 2017, DARLENE A. PIPER filed for Chapter 13 Bankruptcy in the Western District of Washington, Cause No. 17-13829-CMA.  In doing so, she listed T.C., for "notice purposes only," as an unsecured creditor, having a claim of $0.

12.     On September 19, 2017, T.C., through counsel, filed a Motion to Dismiss [DARLENE A. PIPER's Bankruptcy] Case for Other Cause, alleging, among other things, that DARLENE A. PIPER did not qualify for relief because she previously had

INDICTMENT/PIPER - 3

1   filed for bankruptcy within 8 years.  In the motion, T.C. also asserted that DARLENE A.

2   PIPER had defrauded T.C. by failing to invest in Paraguay the $500,000 that T.C. had

3   wired to her.

4        13.    On November 17, 2017, the Bankruptcy Trustee filed an Amended

5   Trustee's Motion to Dismiss Case because DARLENE A. PIPER (1) had not properly

6   served her plan and (2) had not filed 2014, 2015, and 2016 tax returns, but was required

7   to do so.  That Motion was granted on December 15, 2017.

8            *DARLENE A. PIPER's Fiduciary Duties as Personal Representative*

9                *for the J.H.Y. Estate*

10        14.    A Personal Representative is an individual whom a decedent has trusted

11  upon his or her death to oversee his or her money and property.  Once appointed by a

12  court, the Personal Representative is responsible for settling the decedent's financial

13  affairs and for distributing property in accordance with the Will.  Washington State Law

14  requires that a Personal Representative must settle the estate as "rapidly and as quickly as

15  possible, without sacrifice to the probate or non-probate estate."

16        15.    Except as otherwise specifically provided by statute or order of the court, a

17  Personal Representative with nonintervention powers may settle the estate of the

18  decedent without intervention of the court.  Such a Personal Representative is subject to

19  the same limitations of liability that a trustee has under Washington State Law, however.

20  Accordingly, under Washington State Law, a Personal Representative with

21  nonintervention powers has a duty of loyalty to the beneficiaries of the estate and must

22  administer the estate solely in the interest of the beneficiaries.

23        16.    An attorney who accepts a responsibility of a fiduciary nature such as that

24  of Personal Representative is held to the high standards of the legal profession whether or

25  not he acts in his capacity of an attorney.  Accordingly, a lawyer who acts as a Personal

26  Representative also is subject to the Washington Rules of Professional Conduct ("RPC").

27  RPC 1.7(b) prohibits a lawyer from representing a client if the lawyer has a potential

28

INDICTMENT/PIPER - 4

1   conflict of interest unless (1) the lawyer reasonably believes the representation will not be
2   adversely affected and (2) the lawyer discloses the conflict of interest to the client and
3   (3) the client consents in writing after consultation and a full disclosure of the material
4   facts.

5   **COUNTS 1-7**
6   ***(Wire Fraud)***

7      A.  Introduction

8        17.    Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated
9   as if fully set forth herein.

10      B.  The Scheme to Defraud

11        18.    Beginning in or about March 2014, and continuing through on or about
12   November 4, 2015, at Port Orchard, in the Western District of Washington, and
13   elsewhere, DARLENE A. PIPER, together with others known and unknown, with the
14   intent to defraud, devised and intended to devise the below-described scheme and artifice
15   to defraud the J.H.Y. Estate and T.C. and obtain the J.H.Y. Estate's money and T.C.'s
16   money by materially false and fraudulent pretenses, representations, promises, and
17   omissions.

18      C.  Essence of the Scheme to Defraud

19        19.    DARLENE A. PIPER was an estate planning lawyer who practiced law in
20   the Port Orchard area.  In order to generate enough money to retire from the practice of
21   law, and buy a beachfront lot in Mexico, DARLENE A. PIPER misappropriated
22   $520,000 from an estate bank account opened in the name of the J.H.Y. Estate, and
23   commingled the funds with other funds, before investing the combined $1,000,000 in two
24   investments in Paraguay, on which she anticipated making in excess of $180,000 in
25   interest per year, for two years.  DARLENE A. PIPER did not disclose to
26   the beneficiary of the J.H.Y. Estate, St. Jude Children's Research Hospital, the fact that
27   she had used the funds to make an investment for her personal benefit in Paraguay.  In

28

INDICTMENT/PIPER - 5

1  addition, she sought to conceal from St. Jude Children's Research Hospital the fact that
2  she had used the funds to make an investment for her personal benefit in Paraguay by,
3  among other means, (1) moving the funds through various difficult-to-follow banking
4  transactions before transferring them to Paraguay; (2) falsely informing representatives of
5  St. Jude Children's Research Hospital that she had been unable to close the J.H.Y. Estate
6  and disburse funds to St. Jude Children's Research Hospital because J.H.Y. had not filed
7  tax returns for five years and, as a result, it was taking an accountant additional time to
8  prepare the tax returns; (3) falsely informing T.C., an acquaintance, that DARLENE A.
9  PIPER would invest in excess of $500,000 in Paraguay on T.C.'s behalf, when
10 DARLENE A. PIPER actually planned to use the funds in order to pay them to St. Jude
11 Children's Research Hospital so that she could close out the J.H.Y. Estate; and (4) filing
12 with the Court and submitting to St. Jude Children's Research Hospital an Estate
13 Accounting in which she falsely represented that Estate funds had never left the Estate
14 bank account. And, as was her plan from the beginning, DARLENE A. PIPER converted
15 to her own use the interest that the Paraguay investments generated in order to purchase a
16 beachfront lot in Mexico.

17          D. Manner and Means

18          The manner and means used to accomplish the scheme to defraud include those set
19 forth below:

20          20.    It was part of the scheme to defraud that, during March 2014,
21 DARLENE A. PIPER, while purporting to administer the J.H.Y. Estate for the benefit of
22 the beneficiary, St. Jude Children's Research Hospital, and in a manner consistent with
23 the fiduciary duties and Rules of Professional Conduct applicable to a lawyer who
24 administers an estate as a Personal Representative, misappropriated $520,000 from a
25 bank account she had opened in the name of the J.H.Y. Estate, for the purpose of using
26 / / /
27 / / /
28

INDICTMENT/PIPER - 6

1   the funds for her own personal benefit.

2       21.     It was further part of the scheme to defraud that upon misappropriating the

3   funds, DARLENE A. PIPER commingled the funds with other funds, before investing

4   the commingled $1,000,000 in two investments in Paraguay.  That is, DARLENE A.

5   PIPER invested $200,000 in bonds, through a company called Valores Casa de Bolsa,

6   which were to pay interest rates of between approximately 14% and 17% per year.  In

7   addition, DARLENE A. PIPER loaned $800,000 to E.M., a purported Paraguay arms

8   dealer.  That loan, which did not mature for two years, until approximately October 2016,

9   was to pay 20% interest per year.

10      22.     It was further part of the scheme to defraud that on the two Paraguay

11  investments, DARLENE A. PIPER anticipated making in excess of $180,000 in interest

12  per year, for two years, which she planned to convert to her own personal use by using

13  the funds in furtherance of her plan to retire from the practice of law and purchase a

14  beachfront lot in Mexico, even though a substantial portion of this interest was interest

15  earned on money misappropriated from the J.H.Y. Estate.

16      23.     It was further part of the scheme to defraud that, in order to fraudulently

17  retain and use the funds, despite the fact that the sole beneficiary of the J.H.Y. Estate, St.

18  Jude Children's Research Hospital, had requested an accounting from her, DARLENE A.

19  PIPER did not provide St. Jude Children's Research Hospital with an appropriate

20  accounting, or otherwise disclose the fact that she had invested nearly all of the funds

21  held by the J.H.Y. Estate in Paraguay for her own personal benefit.  Instead,

22  DARLENE A. PIPER fraudulently sought to conceal that fact from St. Jude Children's

23  Research Hospital.

24      24.     It was further part of the scheme to defraud that, in order to conceal from

25  St. Jude Children's Research Hospital the fact that she planned to invest J.H.Y. Estate

26  funds in Paraguay for her own personal benefit, DARLENE A. PIPER transferred the

27  funds through numerous bank accounts via convoluted hard-to-follow transactions, prior

28

INDICTMENT/PIPER - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 │ to transferring the funds to Paraguay and investing them, including the following:

2 │       a.     On approximately March 17, 2014, DARLENE A. PIPER issued a

3 │ check made payable for $520,000 to C.A.S Special Needs Trust on Bank of America

4 │ account No. 0162, opened in the name of the J.H.Y. Estate, which she deposited into US

5 │ Bank account No. 9370, opened in the name of a former client, C.A.S. Special Needs

6 │ Trust.

7 │       b.     On approximately March 27, 2014, DARLENE A. PIPER purchased

8 │ cashier's check No. 9968 made payable to Darlene A. Piper, Trustee, in the amount of

9 │ $519,000, using funds held by US Bank account No. 9370, opened in the name of C.A.S.

10 │ Special Needs Trust, which she deposited into Bank of America trust account No. 5137,

11 │ opened in the name of Law Offices of Darlene A. Piper (the "law firm" IOLTA bank

12 │ account) where the funds were commingled with in excess of $370,000 in other funds

13 │ DARLENE A. PIPER recently had moved to that account.

14 │       c.     On approximately April 15, 2014, DARLENE A. PIPER issued

15 │ check No. 1876, made payable to G.B. for $519,000, on the Bank of America law firm

16 │ IOLTA account, which she deposited into a personal bank account, that is, Columbia

17 │ Bank account No. 7389, opened in the name of a former significant other, G.B., and

18 │ DARLENE A. PIPER.  In order to conceal that she had been responsible for depositing

19 │ the check, DARLENE A. PIPER forged G.B.'s signature on the back of the check.

20 │       d.     On approximately May 13, 2014, DARLENE A. PIPER used funds

21 │ then held by Columbia Bank account No. 7389, opened in the name of G.B. and

22 │ DARLENE A. PIPER, to purchase two cashier's checks, that is, (1) cashier's check No.

23 │ 872903, made payable to Fais Casa De Bolsa SA, for $220,000, and (2) cashier's check

24 │ No. 872899, made payable to DARLENE PIPER, for $300,000, thereby bringing the

25 │ account balance to $1,683.91.  On that same date, DARLENE A. PIPER also withdrew

26 │ $386,000 from the Bank of America law firm IOLTA account, bringing the balance of

27 │ that account to $243.55.

28 │

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1         e.      On approximately June 4, 2014, DARLENE A. PIPER redeposited

2 the cashier's checks, Nos. 872903 and 872899, into Columbia Bank account No. 7389,

3 opened in the name of G.B. and DARLENE A. PIPER, and on June 13, 2014, she

4 redeposited $386,000 into the Bank of America law firm IOLTA account.

5         f.      On approximately June 17, 2014, DARLENE A. PIPER wired

6 $200,000 from Columbia Bank account No. 7389, opened in the name of G.B. and

7 DARLENE A. PIPER, to account No. 793/0, opened in the name of an investment firm

8 known as Valores Casa de Bolsa, at Banco Itau, Asuncion, Paraguay [via Wells Fargo

9 Bank, New York]. There, DARLENE A. PIPER caused Paraguay investment advisor

10 S.C. to invest the $200,000 for her own personal benefit, by purchasing bonds through

11 Valores Casa De Bolsa.

12         g.      Between approximately June 13, 2014, and August 22, 2014,

13 DARLENE A. PIPER moved funds remaining in Columbia Bank account No. 7389,

14 opened in the name of G.B. and DARLENE A. PIPER, back to the Bank of America law

15 firm IOLTA account.   She did so by writing checks on the Columbia Bank account, in

16 the amounts of $100,000, $100,000, $42,000, $36,000, and $28,000, and depositing them

17 in the law firm IOLTA account.

18         h.      On approximately August 20, August 25, and August 29, 2014,

19 DARLENE A. PIPER made three wire transfers, totaling $800,000, from the Bank of

20 America law firm IOLTA account, to account No. 8408, opened in the name of TSB

21 Import-Export, De Teresa Subeldia, at Continental Bank, Asuncion, Paraguay.  There,

22 DARLENE A. PIPER caused Paraguay investment advisor S.C. to invest the funds,

23 which included a substantial amount of J.H.Y. Estate funds, for her own personal benefit,

24 by loaning the funds to E.M., a purported Paraguay arms dealer.

25      25.      It was further part of the scheme to defraud that, in order to conceal from

26 St. Jude Children's Research Hospital the fact that she had invested J.H.Y. Estate funds

27

28

INDICTMENT/PIPER - 9

1 | in Paraguay for her own personal benefit, thereby allowing her ultimately to convert the

2 | interest earned to her own use, on approximately January 12, 2015, DARLENE A. PIPER

3 | falsely informed counsel for St. Jude Children's Research Hospital that she could not

4 | close the J.H.Y. Estate because the IRS was owed five years of back taxes.  In truth and

5 | fact, as DARLENE A. PIPER well knew, she purposely was not closing out the J.H.Y.

6 | Estate and disbursing the Estate funds to St. Jude Children's Research Hospital because

7 | she had commingled the Estate funds with other funds and used a substantial portion of

8 | them to make a loan to E.M. in Paraguay, which would not mature until approximately

9 | October 2016.

10 |        26.     It was further part of the scheme to defraud that, in order to conceal from

11 | St. Jude Children's Research Hospital the fact that she had invested J.H.Y. Estate funds

12 | in Paraguay for her own personal benefit, thereby allowing her ultimately to convert the

13 | interest earned to her own use, on approximately April 7, 2015, DARLENE A. PIPER

14 | sent an email to St. Jude Children's Research Hospital in which she falsely claimed that

15 | she could not close the J.H.Y. Estate because J.H.Y. had not filed personal income tax

16 | returns for five years, and, as a result, an accountant was continuing to work on J.H.Y.'s

17 | taxes.  Specifically, DARLENE A. PIPER stated:

18 |        When the accountant was preparing the estate return, he learned that [J.H.Y] had
19 |        not filed his personal income tax returns for at least 5 years prior to his death.
             Apparently, [J.H.Y.] had cashed out some IRA accounts during these years.
20 |
21 |        The accountant has been working on obtaining the necessary 1099's and records in
             order to complete the returns.  I just spoke with him and he is still missing one
22 |        1099.  I am going to personally contact the last institution to see if I can expedite
             this.
23 |

24 | In truth and fact, as DARLENE A. PIPER well knew, she purposely was not closing out

25 | the J.H.Y. Estate and disbursing the Estate funds to St. Jude Children's Research Hospital

26 | because she had commingled the Estate funds with other funds and used a substantial

27 | portion of them to make a loan to E.M. in Paraguay, which would not mature until

28 | approximately October 2016.

INDICTMENT/PIPER - 10

27.     It was further part of the scheme to defraud that, in order to conceal from St. Jude Children's Research Hospital the fact that she had invested J.H.Y. Estate funds in Paraguay for her own personal benefit, thereby allowing her ultimately to convert the interest earned to her own use, DARLENE A. PIPER sought to find an alternate source of funds to disburse to St. Jude Children's Research Hospital.  In order to do so, during approximately August and September 2015, DARLENE A. PIPER falsely and fraudulently told T.C. that, if T.C. gave DARLENE A. PIPER $500,000 that T.C. received from the sale of her house, DARLENE A. PIPER would invest it in secure bonds in Paraguay on T.C.'s behalf.  In truth and fact, however, as DARLENE A. PIPER well knew, she planned to use the funds to close out the J.H.Y. Estate by disbursing the funds to St. Jude Children's Research Hospital.

28.     It was further part of the scheme to defraud that, on September 4, 2015, DARLENE A. PIPER provided T.C. with DARLENE A. PIPER's personal Will, in which DARLENE A. PIPER falsely and fraudulently represented that DARLENE A. PIPER planned to invest T.C.'s funds "in Paraguay."  The Will stated, in relevant part:

> *I will be investing the sum of FIVE HUNDRED THOUSAND DOLLARS $500,000 USD) for my good friend [T.C.].  This investment will be in Paraguay, in my name as permanent resident*.  This arrangement is until [T.C.] obtains her Paraguay permanent residence next year, when she will place these funds into her own name and investment accounts.  During the time her funds are invested in my name, I hereby instruct my Personal Representative to reimburse this sum upon my demise to [T.C.] Family Trust.  (emphasis added)

29.     It was further part of the scheme to defraud that, after T.C. caused approximately $515,000 to be wired to DARLENE A. PIPER, DARLENE A. PIPER sought to lull T.C. - and thereby induce T.C. to delay (1) demanding the repayment of her funds and (2) reporting DARLENE A. PIPER to law enforcement – by sending a text message to T.C. on or about September 9, 2015, in which DARLENE A. PIPER falsely

INDICTMENT/PIPER - 11

1  and fraudulently stated "I will stop by the bank tomorrow to set up the wire to Paraguay.
2  You'll start getting interest next month."

3      30.    It was further part of the scheme to defraud that, in seeking to lull T.C., on
4  September 10, 2015, DARLENE A. PIPER falsely and fraudulently orally informed T.C.
5  that DARLENE A. PIPER, in fact, had wired T.C.'s $500,000 to Paraguay.

6      31.    It was further part of the scheme to defraud that on October 1, 2015,
7  DARLENE A. PIPER fraudulently used T.C.'s investment in order to close out the
8  J.H.Y. Estate by issuing to St. Jude Children's Research Hospital check No. 8117, in the
9  amount of $528,730.61, and mailing it to St. Jude Children's Research Hospital in
10  Memphis, Tennessee, along with (1) a copy of an Estate Accounting that she also filed
11  with the Superior Court for Kitsap County on that same date under penalty of perjury,
12  and (2) copies of Bank of America Account Statements for account No. 0162, opened in
13  the name of J.H.Y. Estate, DARLENE A. PIPER, Personal Representative.

14      32.    It was further part of the scheme to defraud that, in order to conceal from
15  St. Jude Children's Research Hospital the facts that, for her own benefit, she had
16  fraudulently commingled $520,000 of the J.H.Y. Estate's funds with other funds, and
17  invested them in Paraguay, in the Estate Accounting, DARLENE A. PIPER falsely and
18  fraudulently represented that on September 24, 2015, the balance of Bank of America
19  account No. 0162, opened in the name of the J.H.Y. Estate, was $528,730.61 and that the
20  Estate had earned a total of only approximately $300 in interest.  In truth and fact, as
21  DARLENE A. PIPER well knew, on September 24, 2015, account No. 0162, opened in
22  the name of the J.H.Y. Estate, held only approximately $20,000 because on March 19,
23  2014, DARLENE A. PIPER invested $520,000 of the J.H.Y. Estate funds in Paraguay for
24  her own personal benefit, and those funds had earned at least a 3/8 share of interest
25  totaling approximately $92,000.

26      33.    It was further part of the scheme to defraud that, in order to conceal from
27  St. Jude Children's Research Hospital the facts that, for her own benefit, she had

28

INDICTMENT/PIPER - 12

1   fraudulently commingled $520,000 of the J.H.Y. Estate's funds with other funds, and

2   invested them in Paraguay, DARLENE A. PIPER included with the Estate

3   Accounting she mailed to St. Jude Children's Research Hospital on October 1, 2015,

4   copies of Bank of America Account Statements for account No. 0162, opened in the

5   name of the J.H.Y. Estate, which covered the time period between February 4, 2013, to

6   March 18, 2014, but did not include a monthly account statement covering the date

7   March 19, 2014, that is, the date that DARLENE A. PIPER transferred $520,000 out of

8   the Estate account in order to invest it for her own personal benefit in Paraguay.

9       34.     It was further part of the scheme to defraud that, in seeking to lull T.C., on

10   October 3, 2015, DARLENE A. PIPER sent a text message to T.C. in which she falsely

11   and fraudulently assured T.C. that (1) she had wired T.C.'s funds to Paraguay; (2) the

12   funds had been converted to the local currency, and (3) DARLENE A. PIPER planned to

13   fly to Paraguay "next week" to set up T.C.'s investment.  Specifically, DARLENE A.

14   PIPER stated:

15           Your money was wired to Paraguay and converted to the local currency.  I fly
16           down there next week to actually set up the investments and need to show my
             permanent resident card.
17

18       35.     It was further part of the scheme to defraud that on October 3, 2015,

19   DARLENE A. PIPER communicated with W.K. regarding the purchase of a beachfront

20   lot located in Mexico, which she fraudulently planned to purchase, in part, by (1) selling

21   bonds held in her account at Valores Casa De Bolsa and (1) using the interest generated

22   by loaning $800,000 to E.M.

23       36.     It was further part of the scheme to defraud that between approximately

24   October 20, 2015, and January 14, 2016, for the purpose of purchasing the beachfront lot

25   in Mexico, DARLENE A. PIPER caused Valores Casa De Bolsa to wire to AMX Title in

26   excess of $160,000 representing the principal invested in and interest earned by the bonds

27   DARLENE A. PIPER had purchased through Valores Casa De Bolsa.

28

INDICTMENT/PIPER - 13

1    37.    It was further part of the scheme to defraud that on November 4, 2015,

2  DARLENE A. PIPER caused Continental Bank, Asuncion, Paraguay, to wire from S.C.'s

3  Continental Bank account, to account No. 3827, opened in the name of DARLENE A.

4  PIPER, at Chase Bank, Box Elder, South Dakota, approximately $92,362 in interest

5  generated by loaning $800,000 to E.M. in Paraguay.  Instead of paying to the J.H.Y.

6  Estate its proportional share of the interest, DARLENE A. PIPER converted all of the

7  interest to her own use, as was her plan from the beginning.  Among other things,

8  DARLENE A. PIPER used the interest to (1) partially fund the purchase of the

9  beachfront lot in Mexico; (2) make purported investment interest payments to T.C., by

10  purchasing cashier's check No. 7916 made payable for $12,500, to T.C.; (3) make cash

11  withdrawals for $8,800, $4,000, $3,000, and $4,200; (4) make eleven $500 ATM

12  withdrawals, and (5) make a mortgage payment in the amount of $3,314.

13    38.    Through the scheme to defraud, DARLENE A. PIPER did take by fraud

14  (1) $520,000 belonging to the J.H.Y. Estate; (2) $500,000 belonging to T.C.; and (3) a

15  portion of approximately $92,000 in interest that had been earned by commingling and

16  investing in Paraguay $520,000 in funds belonging to the J.H.Y. Estate.

17    D.  Execution of the Scheme to Defraud

18    39.    On or about the dates set forth below, at Port Orchard, in the Western

19  District of Washington, and elsewhere, DARLENE A. PIPER, for the purpose of

20  executing and attempting to execute the above-described scheme and artifice to defraud,

21  caused to be transmitted by means of wire communication in interstate commerce the

22  signals and sounds described below for each count, each transmission constituting a

23  / / /

24  / / /

25

26

27

28

INDICTMENT/PIPER - 14

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

representative sample of the wire communications made in furtherance of the scheme and artifice to defraud:

| Count | Date Sent (On or About) | TRANSMISSION |
|---|---|---|
| 1 | September 4, 2015 | Email from DARLENE A. PIPER, Kitsap County, Washington, to T.C., Gig Harbor, Washington, via Google servers located outside the State of Washington, with an attached Will stating that DARLENE A. PIPER planned to invest T.C.'s funds in Paraguay |
| 2 | September 4, 2015 | Email from T.C., Gig Harbor, Washington, to DARLENE A. PIPER, Kitsap County, Washington, via Google servers located outside the State of Washington, in which T.C. requested that DARLENE A. PIPER identify the account to which T.C. should have her funds wired |
| 3 | September 22, 2015 | Email from DARLENE A. PIPER, Kitsap County, Washington, to K.W., Memphis, Tennessee, in which DARLENE A. PIPER notified K.W. that DARLENE A. PIPER planned to disburse approximately $515,000 to St. Jude Children's Research Hospital in order to wrap up the J.H.Y. Estate |
| 4 | October 2, 2015 | Email from DARLENE A. PIPER, Kitsap County, Washington, to K.W., Memphis, Tennessee, in which DARLENE A. PIPER notified K.W. that she had mailed a check for $528,000 to St. Jude Children's Research Hospital |
| 5 | October 6, 2015 | Email from S.C., Paraguay, to F.F. at Continental Bank, Paraguay, with cc copy to DARLENE A. PIPER, Kitsap County, Washington, stating that S.C.'s client had asked him to start the paperwork required to send his client's accumulated interest to a bank in Mexico |

/ / /

/ / /

/ / /

INDICTMENT/PIPER - 15

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

| 6 | October 6, 2015 | Email from DARLENE A. PIPER, Kitsap County, Washington, to S.C., Paraguay, and F.F. at Continental Bank, Paraguay, stating that accumulated interest held in S.C.'s account at Continental Bank should be wired to a Chase Bank account, No. 9351, opened in the name of L.P. |
|---|---|---|

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 7

### *(Mail Fraud)*

A. Introduction

40.     Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated as if fully set forth herein.

B. The Scheme to Defraud

41.     Beginning in or about March 2014, and continuing through on or about November 4, 2015, at Port Orchard, in the Western District of Washington, and elsewhere, DARLENE A. PIPER, together with others known and unknown, with the intent to defraud, devised and intended to devise, a scheme and artifice to defraud the J.H.Y. Estate and T.C. and obtain the J.H.Y. Estate's money and T.C.'s money by materially false and fraudulent pretenses, representations, promises, and omissions.

D. Manner and Means

42.     Paragraphs 19 through 38 of this Indictment are re-alleged and incorporated as if fully set forth herein.

D. Execution of the Scheme to Defraud

43.     On or about the date set forth below, at Port Orchard, in the Western District of Washington, and elsewhere, DARLENE A. PIPER, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be delivered by mail and a private and commercial carrier according to the directions thereon, the following item, which constitutes a representative

/ / /

INDICTMENT/PIPER - 16

sample of the use of the mails and private and commercial interstate carriers in
furtherance of the scheme and artifice to defraud:

| Count | Date Sent (On or About) | Item Mailed |
|---|---|---|
| 7 | October 1, 2015 | Cashier's Check made payable to St. Jude Children's Research Hospital in the amount of $528,730.61, and Estate Accounting dated September 24, 2015, sent by DARLENE A. PIPER from Port Orchard, Washington, to St. Jude Children's Research Hospital, in Memphis, Tennessee |

All in violation of Title 18, United States Code, Section 1341.

## COUNT 8

### *(False Statement Under Oath)*

44.     Paragraphs 1 through 16 of this Indictment are re-alleged and incorporated
as if fully set forth herein.

On or about November 30, 2017, in the Western District of Washington, and
elsewhere, DARLENE A. PIPER knowingly and fraudulently made a false material
statement under oath in and in relation to a case under Title 11, In re. DARLENE A.
PIPER, Debtor, Cause No. 17-13829-CMA, by falsely testifying under oath at the Rule
2004 Examination that, during September 2015, she created a document assigning to T.C.
the position of the J.H.Y. Estate in an $800,000 loan made to E.M.  In truth and fact,
DARLENE A. PIPER did not create such a document during September 2015.

All in violation of Title 18, United States Code, Section 152(2).

## FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are re-alleged and incorporated by
reference for the purpose of alleging forfeiture.

Upon conviction of one or more of the offenses alleged in Counts 1 through 6,
DARLENE A. PIPER shall forfeit to the United States, pursuant to Title 18, United
States Code, Section 981(a)(1)(C), by way of Title 28, United States Code,

UNITED STATES ATTORNEY
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
(253) 428-3800

1 │ Section 2461(c), any property that constitutes or is traceable to proceeds she obtained

2 │ from the offense. This property includes but is not limited to a sum of money, in the

3 │ amount of at least $1,020,000, reflecting the proceeds she obtained from the offense.

4 │     Upon conviction of the offense alleged in Count 7, DARLENE A. PIPER shall

5 │ forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2),

6 │ any property that constitutes or is traceable to proceeds she obtained from the offense.

7 │ This property includes but is not limited to a sum of money, in the amount of at least

8 │ $1,020,000, reflecting the proceeds she obtained from the offense.

9 │     Upon conviction of the offense alleged in Count 8, DARLENE A. PIPER shall

10 │ forfeit to the United States, pursuant to Title 18, United States Code, Section

11 │ 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), any property that

12 │ constitutes or is traceable to proceeds she obtained from the offense.

13 │     **Substitute Assets.** If any of the property described above, as a result of any act or

14 │ omission of the defendant,

15 │     a.    cannot be located upon the exercise of due diligence;

16 │     b.    has been transferred or sold to, or deposited with, a third party;

17 │     c.    has been placed beyond the jurisdiction of the Court;

18 │     d.    has been substantially diminished in value; or,

19 │     e.    has been commingled with other property which cannot be divided without

20 │         difficulty;

21 │ it is the intent of the United States to seek the forfeiture of any other property of the

22 │

23 │ / / /

24 │ / / /

25 │ / / /

26 │

27 │

28 │

INDICTMENT/PIPER - 18

1 | defendant, up to the value of the above-described forfeitable property, pursuant to

2 | Title 21, United States Code, Section 853(p).

3

4

A TRUE BILL:

5

Dated:   9/2/2020

6

7

Signature of Foreperson redacted pursuant
To the policy of the Judicial Conference
of the United States

8

9

10

11

12 | BRIAN T. MORAN
United States Attorney

13

14

15 | ANDREW C. FRIEDMAN
Assistant United States Attorney

16

17

18 | ANDRÉ M. PEÑALVER
Assistant United States Attorney

19

20

21 | ARLEN R. STORM
Assistant United States Attorney

22

23

24

25

26

27

28

INDICTMENT/PIPER - 19

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800